IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        No. 2:20-cr-168-WJ

FERNANDO DOMINGUEZ-ROJO,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

**THIS MATTER** is before the Court on Defendant's Motion for Release Pending Sentencing [Doc. 18], filed June 15, 2020.[1] Defendant plead guilty to Reentry of a Removed Alien and is currently detained pending sentencing. Defendant requests that the Court release him pursuant to 18 U.S.C. § 3143(a)(1). As explained in this Opinion, there is a presumption of detention pending sentencing, and the Court finds that Defendant has failed to rebut that presumption with clear and convincing evidence showing that he is not a flight risk or a danger to any person or the community. Defendant, therefore, will remain detained pending sentencing.

### BACKGROUND

On January 15, 2020, Defendant entered into a fast track plea agreement to plead guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 15 (Fast Track Plea Agreement). That same day, United States Magistrate Judge Carmen Garza accepted Defendant's guilty plea, deferred acceptance of the plea agreement, and ordered that Defendant remain in

---

[1] The briefing on this matter consists of Defendant's motion and the United States' response. Defendant did not file a reply, and the time period for him to do so has elapsed. *See* D.N.M.LR-Cr. 47.8 ("A reply must be served within fourteen (14) days after service of the response.").

custody. Doc. 14 (Guilty Plea Hearing Minutes). Defendant's Presentence Investigation Report states that based "upon a total offense level of 13 and a criminal history category of II, the guideline imprisonment range is 15 months to 21 months." Doc. 16 (Presentence Investigation Report) at 8. Defendant is currently detained at the Otero County Prison Facility awaiting sentencing.

## LAW

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court's review of a Magistrate Judge's detention order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A hearing is not required. *United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005). Because Defendant is pending sentencing, 18 U.S.C. § 3143(a)(1) is the controlling statute:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1); *see* Fed. R. Crim. P. 46(c). "There is a presumption of detention pending sentencing." *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). "To secure release after a guilty verdict, a defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community." *Id.*

## DISCUSSION

Defendant argues that he is not a flight risk because if released "he would have no opportunity to flee." Doc. 18 (Defendant's Motion) at 7. Defendant explains that "[h]e is subject to an immigration detainer based on a prior order of removal and would be transferred directly to immigration custody and removed with no opportunity for further hearing." *Id.* at 7–8. Yet in the

closing paragraph of Defendant's motion, he states that he "requests that the Court immediately release him on his own recognizance." *Id.* at 8. Regardless, pursuant to 18 U.S.C. § 3143(a)(1), the proper analysis concerning whether Defendant is a flight risk is whether he is a person that is likely to flee if released, and, based on the information available, the Court has little trouble concluding that Defendant is a flight risk. Defendant has been deported twice and is expected to be deported a third time after he completes his sentence for this case. Doc. 16 (Presentence Investigation Report) at 6 ("On December 18, 1997 and January 24, 2007, [Defendant] was removed to Mexico."); Doc. 18 (Defendant's Motion) at 7–8 ("[Defendant] is subject to an immigration detainer based on a prior order of removal, and would be transferred directly to immigration custody and removed with no opportunity for further hearing."). Defendant's deportation history demonstrates that he has no respect for United States immigration laws and that, if released, he will likely flee to remain in the United States. Consequently, the Court has no confidence that Defendant will appear for his sentencing hearing if released.

      Defendant argues that he is not a danger to any person or the community if released because he "is imprisoned for a non-violent, *malum prohibitum*[2] offense and has had no contact with the justice or immigration systems since his deportation in 2007." Doc. 18 (Defendant's Motion) at 8. The Court agrees that Reentry of a Removed Alien is a nonviolent offense. The Court also agrees, based on its review of the Presentence Investigation Report, that Defendant has not had contact with the justice or immigration systems, with the exception of this case, since he was last removed to Mexico in 2007. But the analysis concerning whether Defendant is a person that is not likely to pose a danger to any person or the safety of the community if released does not stop there. Defendant has a criminal history dating back to 1991. Doc. 16 (Presentence Investigation Report)

---

[2] "An act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral." Black's Law Dictionary (11th ed. 2019).

3

at ¶¶ 22–25. Of note, while illegally in the United States, Defendant has been convicted of three aggravated felonies—a firearms offense and two drug trafficking offenses—for which he was sentenced to more than a decade of prison time:

| Date of Arrest | Charge/Court | Date Sentence Imposed/Disposition |
|---|---|---|
| 10/09/1995 (Age 25) | Ct. 1: Possession Defaced Firearm Ct. 2: Delivery Controlled Substance/ Douglas County District Court, Omaha, NE; Case No: 3581/335/336 | 05/08/1996: Ct. 1: 2 to 4 years custody; Ct. 2: 4 to 8 years custody; said terms to run concurrently |
| 01/28/1999 (Age 29) | Ct. 1: Possession with Intent to Distribute Methamphetamine/ United States District Court, Omaha, NE; Docket No.: 8:99CR28 | 07/19/1999: 110 months custody, 5-year term supervised release (TSR), $100 Special Penalty Assessment |

*Id.* at ¶¶ 24–25. The fact that Defendant violated the law again in 2019, evidenced by his guilty plea in this case, demonstrates that he has not been deterred by his criminal convictions and the significant time he has spent incarcerated. Accordingly, the Court concludes that Defendant is likely to pose a danger to the safety of any other person or the community if released.

Defendant also argues that he is not a danger to any person or the community if released because he "will not be released from custody inside the United States, and will therefore have no opportunity to impact the community with which Congress was concerned when it wrote § 3143." Doc. 18 (Defendant's Motion) at 8. Defendant's argument conflicts with his request to be released on his own recognizance in the final paragraph of his motion and, similar to his argument that he would have no opportunity to flee because he would be transferred to immigration custody, misses the point.[3] Pursuant to 18 U.S.C. § 3143(a)(1), the appropriate analysis is whether Defendant is a person that is likely to pose a danger to the safety of any other person or the community if released, and it is Defendant's burden to rebut the presumption of detention with clear and convincing

---

[3] If Defendant's argument was proper, it would follow that all defendants who are expected to be deported following completion of their case would be eligible to be released to immigration custody pending sentencing. That result is nonsensical and is not supported by the language in 18 U.S.C. § 3143(a)(1).

evidence that he does not pose a danger. Defendant, however, has not come close to doing that.

In the opening paragraph of Defendant's motion, Defendant states that he "respectfully moves this Court to release him pending sentencing pursuant to 18 U.S.C. §§ 3143(a)(1) due to the extraordinary risk to his life and health posed by the uncontrolled COVID-19 outbreak in the Otero County Prison Facility." Doc. 18 (Defendant's Motion) at 1. Defendant then devotes most of his motion to discussing the coronavirus at the Otero County Prison Facility. He details the number of coronavirus cases at the facility, the measures the facility has taken in response to the coronavirus, and what other Courts have done in response to the coronavirus. *Id.* at 1–7. Defendant acknowledges that 18 U.S.C. § 3143(a)(1) is the controlling statute and that it requires the Court to evaluate whether Defendant is likely to flee or pose a danger to the safety of any other person or the community if released. *Id.* at 7. Defendant, however, does not make any argument concerning how his alleged risk to the coronavirus at the Otero County Prison Facility makes him less likely to flee or pose a danger to the safety of any other person or the community if released.

## CONCLUSION

There is a presumption of detention pending sentencing. For the foregoing reasons, the Court finds that Defendant has failed to rebut that presumption with clear and convincing evidence showing that he is not a person that is likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, Defendant's Motion for Release Pending Sentencing [Doc. 18] is **DENIED**. Defendant shall remain detained pending sentencing.

**IT IS SO ORDERED**.

**CHIEF UNITED STATES DISTRICT JUDGE**